NO. 07-09-0318-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

APRIL 28, 2010
_____

MICHELLE E. MATLOCK,

Appellant

v.

THE STATE OF TEXAS,

Appellee
_____

FROM THE 121st DISTRICT COURT OF TERRY COUNTY;

NO. 5826; HON. KELLY G. MOORE, PRESIDING
_____

*Memorandum Opinion*
_____

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

Michelle E. Matlock (appellant) appeals her conviction for possessing a controlled substance. Via a single issue, she contends that her due process rights were violated when the police destroyed evidence favorable to her case in bad faith. We affirm.

***Background***

Appellant was stopped for speeding. Subsequently, active arrest warrants were discovered, and appellant was placed under arrest. Consent to search the vehicle was granted. The arresting officer searched appellant's purse found in the floorboard behind the driver's seat and found baggies containing methamphetamine. A passenger in the car was also searched, and she too was found to possess drugs. A pipe that could be used for ingesting drugs also was found in the front passenger area of the vehicle. However, the officer determined that the pipe would not provide any additional evidence and then destroyed it on the side of the road. Appellant was charged with and convicted of possession of methamphetamine. She now appeals that conviction.

***Issue – Due Process***

Appellant contends in her sole issue that her due process rights were violated by the officer destroying evidence. She contends that the evidence was favorable to her case and it prevented her from presenting her defense. We disagree.

First, Rule 33.1 of the Texas Rules of Appellate Procedure governs preservation of error, and states, in part: "(a) In General.--As a prerequisite to presenting a complaint for appellate review, the record must show that: (1) the complaint was made to the trial court by a timely request, objection, or motion that: (A) stated the grounds for the ruling that the complaining party sought from the trial court with sufficient specificity to make the trial court aware of the complaint, unless the specific grounds were apparent from the context." TEX. R. APP. P. 33.1. This rule encompasses the concept of "party responsibility." *Pena v. State*, 285 S.W.3d 459, 463 (Tex. Crim. App. 2009). The complaining party bears the responsibility of clearly conveying to the trial judge the

particular complaint, including the precise and proper application of the law as well as the underlying rationale. *Id.* at 463-64. "Error preservation does not involve a hyper-technical or formalistic use of words or phrases; instead, '[s]traight forward communication in plain English' is sufficient.'" *Id.* at 464. "To avoid forfeiting a complaint on appeal, the party must 'let the trial judge know what he wants, why he thinks he is entitled to it, and to do so clearly enough for the judge to understand him at a time when the judge is in the proper position to do something about it.'" *Id.* This gives the trial judge and the opposing party an opportunity to correct the error. *Id.* Whether a party's particular complaint is preserved depends on whether the complaint on appeal comports with the complaint made at trial. *Id.* In making this determination, we consider the context in which the complaint was made and the parties' shared understanding at that time. *Id.*

Here, the record shows that appellant did not preserve her due process claim for appellate review. Although appellant filed a motion for new trial, she failed to raise this claim at that time. Indeed, appellant stressed the fact that evidence was destroyed to the jury but as a means to cast doubt on appellant's guilt. Appellant was obligated to put the trial judge on notice of the specific legal theory that she intended to advocate, and because she did not, she failed to preserve her complaint that her due process rights had been violated.[1] Therefore, we overrule her sole issue.

Accordingly, we affirm the judgment of the trial court.

Brian Quinn
Chief Justice

Do not publish.

---

[1]Appellant agrees with this conclusion but raised the issue for possible habeas use later.

3